## Seals et ux. v. Adams et al.

(Decided March 5, 1937.)

J. M. BAILEY for appellants.

H. H. SMITH for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants and plaintiffs below, James Seals and Lucinda Seals, are husband and wife. The latter owns a tract of land supposed to contain 125 acres on Flax Patch branch, a tributary of Irishman creek in Knott county, Ky. She and her husband filed this equity

action in the Knott circuit court against defendants and appellees, Dixon Adams, Betty Smith, and Tom Gibson, to quiet the title of Mrs. Seals to 17 acres of her tract which she claimed was in its southeast corner, and to recover damages for trespasses thereon by defendants and to enjoin future ones. Her title was put in issue by defendants' answer, which also contained an affirmative plea that the contested 17 acres belonged to the defendant Dixon Adams—the prayer thereto being that plaintiffs' petition be dismissed and that Dixon Adams be adjudged the owner of the small contested tract. After testimony was completed by both sides and the cause submitted, the court very properly entered this order: "This cause having been submitted for judgment, and the court after inspection of the record is of the opinion the case is not properly prepared, and by agreement the order of submission is set aside and the case continued until the next term and the surveyor of Knott County is ordered to go upon the land described by plaintiff and make a full map of it and survey out all the title papers produced by either party in boundary deeds or patents that may interfere with the land in controversy to show all laps if any and either party may take any proof that it desires or file any papers to establish their claim.''

We conclude that it was supremely appropriate, since it is seldom that a record is brought to this court in such a confused and beclouded condition as is this one. The inserted order will hereafter be referred to as "the order of survey.'' Pursuant thereto the county surveyor filed a report and with it a map upon which he located some of the numerous patents referred to in the testimony, a large portion of which are supposed to affect the title of the respective litigants. However, there are some of such patents—varying in dates—that the surveyor did not locate on his map, and those that he did locate are scrambled, mixed, and lapped. None of the patents under which plaintiffs claim title are located on the surveyor's map, but the patent under which defendants claim title, of date October 1, 1886, issued to Samuel Francis, is located thereon and it embraces the land in controversy.

Plaintiffs, however, claim that the Samuel Francis patent, under which defendants claim the controverted land, overlapped, to that or perhaps a greater extent,

a prior patent issued to Smith and Baum obtained in 1872, which was one of several other 200-acre patents obtained by the same parties in the same general locality, and which surveys and patents are referred to in the evidence as "wildcat" surveys and patents; but what effect such descriptive terms have on the validity of the patents is not shown. After the surveyor filed his report, with his map as an exhibit, the case was resubmitted and tried by a special judge whose name is not shown in any part of the record. However, he rendered judgment dismissing plaintiffs' petition and adjudging defendant Dixon Adams to be the owner of the small controverted tract—from which plaintiffs prosecute this appeal.

There is but one map brought to this court (the one above referred to), although the clerk certifies that another one that was introduced at the trial could not be found when the record was made out. He also certifies that a deed forming a link in defendants' title was lost, and which was not copied or in any manner supplied in this record. We are confident that we might rest our conclusion that the judgment should be affirmed upon the fact of such omitted portions of the record that was before the trial court; but, accepting what both sides appear to admit as the true contents of the omitted deed, we are still of the same conclusion.

In 1899 Jackson Combs, Sr., and his wife, Elizabeth Combs, the parents of plaintiff Lucinda Seals, deeded to her and her then husband (but who is now deceased), Jackson Combs, Jr., a tract of land which was a portion of the entire landed estate of the grantor, Jackson Combs, Sr., he having divided his land among his children. It is difficult for us to determine the number of acres embraced in that deed, but we gather from the record that it was considerably smaller than the tract now claimed by plaintiff. But, however that may be, a fence was soon erected along a line which the proof clearly shows the parties at that time regarded as the line between the contested land and the tract conveyed to Lucinda; and it furthermore appears that from that time forward both parties claimed to that old fence line, and which excludes from plaintiffs' tract the small tract in dispute. However, that issue is denied by plaintiffs, but we conclude that the preponderance of the testimony sustains it. Plaintiff and her witnesses in

544

testifying in her behalf, by means of most glaringly leading questions, stated that her boundary embraced the contested land, but she produces no paper title to that effect, nor does she establish adverse possession to it, which is one method of acquired title relied upon by her. There is no competent evidence showing that the Samuel Francis patent, under which defendants claim title to the controverted tract, overlapped the Smith and Baum patent or any other patent, though some of the witnesses may have expressed an opinion to that effect, but which character of unsupported testimony, of course, is unreliable in controversies of this nature.

In addition to what we have said, there are instances of the recognition of defendants' title to the contested portion of land by plaintiff Lucinda Seals on a number of prior occasions, although she now says and claims that such recognitions on her part were because of her ignorance and her poverty which rendered her unable to assert her title. We have, therefore, concluded that, whatever might be the facts that a careful preparation of the case would develop, the record as brought here furnishes no grounds for adjudging plaintiffs to be the owners of the contested land, and that the title of Dixon Adams as an heir of his father, Hiram Adams, is traceable to the Samuel Francis patent which embraces it, and that, in the absence of something showing the invalidity of that patent, a prima facie case is made out supporting the judgment appealed from.

Wherefore, for the reasons stated, it is affirmed.